**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ALLISON GILLIGAN,**

**Plaintiff,**

**v.**

**SOUTH CENTRAL OHIO JOB AND FAMILY SERVICES, *et al.*,**

**Defendants.**

**Civil Action 2:25-cv-495**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

Plaintiff, Allison Gilligan, sues Defendants, South Central Ohio Job and Family Services ("SCOJFS") and Katie Hanna (Plaintiff's SCOJFS case worker), in connection with their failure to protect Plaintiff as a child from known physical and sexual abuse by non-party William Sharpe, even though similarly situated male children were protected from Sharpe by Defendants. This matter is before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 40). For the reasons below, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff originally filed suit against Defendants on February 14, 2023, in *Gilligan v. Hocking County, Ohio, et al.*, Case Number 2:23-cv-625. Plaintiff's equal protection claims in that case were dismissed without prejudice for failure to allege that she was treated differently from a similarly situated comparator. *See* May 6, 2024 Op. & Order, ECF No. 85, Case No. 23-cv-625. This action, commenced on May 6, 2025, alleges that Defendants subjected Plaintiff to disparate treatment in that they protected similarly situated male children from abuse at the hands

of non-party William Sharpe, but failed to similarly protect Plaintiff and other female children. (Compl., ECF No. 1.) Thus, the existence of similarly situated male comparators is a central issue in this case.

Plaintiff has already amended her Complaint in this action twice: once as a matter of course under Federal Rule of Civil Procedure 15(a)(1) (1st Am. Compl., ECF No. 9), and once with leave of Court (2d Am. Compl., ECF No. 26). The Court granted Plaintiff's motion to file her Second Amended Complaint in part because the parties agreed that Plaintiff would have until "30 days after the Court's ruling on Defendants' Motion for Judgment on the Pleadings (ECF No. 15)" to file "[m]otions or stipulations addressing the parties or pleadings." (Rule 26(f) Report, ECF No. 16; Prelim. Pretrial Order, ECF No. 17.) As Defendants' Motion for Judgment on the Pleadings was still pending at the time Plaintiff sought to file her Second Amended Complaint, the Court concluded that Plaintiff's motion was timely under the deadline agreed to by the parties. (Mar. 26, 2026 Order, ECF No. 25.) But upon filing of Plaintiff's Second Amended Complaint, Defendants' Motion for Judgment on the Pleadings directed toward the First Amended Complaint (ECF No. 15) was denied as moot. (*See* Mar. 27, 2026 Notation Order.) Defendants filed another Motion for Judgment on the Pleadings directed toward the Second Amended Complaint shortly after (ECF No. 28).

On October 5, 2026, Plaintiff filed the subject motion for leave to file a Third Amended Complaint. (ECF No. 40.) Plaintiff seeks amendment to include facts that she discovered only upon Defendants' October 2, 2026 document production, including records reflecting that SOCJFS investigated allegations of sexual abuse of two minor males by Sharpe shortly after Defendants closed Plaintiff's protective supervision in 2015. (*Id.* ¶ 4.) The records further reflect that SCOJFS was aware in 2015 that Sharpe was a sex offender, addressing one of Defendants'

arguments in their Motion for Judgment on the Pleadings. (*Id.*) Plaintiff asserts that these documents were requested in her 2023 case against Defendants, but that these documents were not produced in that case, even though Defendants represented at that time that their production was complete. (*Id.* ¶ 6.) Defendants oppose Plaintiff's motion, contending that Plaintiff missed the deadline for motions to amend the pleadings, that her proposed amendments are futile, and that amendment would prejudice Defendants. (Defs.' Mem. in Opp'n, ECF No. 43.)

## II. STANDARDS GOVERNING PLEADING AMENDMENTS

District courts are required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). If a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits

rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

## III. ANALYSIS

The Court first turns to whether Plaintiff's motion to amend is timely. The only deadline for motions to amend the pleadings that was proposed by the parties, and that was adopted by the Court, was that "[m]otions or stipulations addressing the parties or pleadings must be filed no more than 30 days after the Court's ruling on Defendants' Motion for Judgment on the Pleadings (ECF No. 15)." The Motion for Judgment on the Pleadings at ECF No. 15 was denied as moot on March 27, 2026, making April 27, 2026[1] the nominal deadline for motions to amend the pleadings. If April 27, 2026, was the deadline for motions to amend the pleadings, then Plaintiff's October 5, 2026 Motion for Leave to File Third Amended Complaint was overdue by more than five months. In that case, Plaintiff would be required to demonstrate good cause to

[1] Thirty days after March 27, 2026, fell on April 26, 2026, which was a Sunday. The applicable deadline is therefore extended to the next business day: Monday, April 27, 2026.

amend the case schedule under Federal Rule of Civil Procedure 16 before the Court would entertain her motion to amend the Complaint under Rule 15.

But the Court ultimately need not determine whether Plaintiff's motion was timely because even if it wasn't, Plaintiff has demonstrated good cause to extend the case schedule. Plaintiff could not have made her proposed amendments prior to the deadline because she did receive the documents underlying those amendments until October 2, 2026. Plaintiff has demonstrated diligence in seeking the documents by requesting them as far back as her 2023 case. And once Plaintiff received them, she promptly moved three days later for leave to amend. Plaintiff has therefore demonstrated the necessary diligence under Rule 16—in contrast to Defendants, who provide no rebuttal to Plaintiff's assertion that they withheld relevant documents for years. And despite Defendants' vague assertions to the contrary, the Court can discern no prejudice that would befall Defendants in the event of amendment. Defendants identify no new discovery or extensions of the case schedule that would be required. And even if, as Defendants contend, Plaintiff's proposed new factual allegations still would not cure the deficiencies in her Complaint, then they can largely recycle the motion for judgment on the pleadings that they have already filed twice. *See Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002) ("We recognize Columbia will be inconvenienced by another round of motion practice, but . . . such inconvenience does not rise to the level of prejudice that would warrant denial of leave to amend."). Plaintiff has therefore shown good cause to amend the case schedule.

The Court now moves to the standard of Rule 15(a)(2), which directs the Court to "freely give leave [to amend] when justice so requires." Even so, amendment may be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to

the opposing party, or would be futile." *Carson*, 633 F.3d at 495. For the reasons related to diligence and lack of prejudice outlined above, the Court finds that Plaintiff's amendment is not brought in bad faith or for dilatory purposes, and amendment will not result in undue delay.

Defendants' remaining arguments in opposition to Plaintiff's Motion relate to the futility of Plaintiff's proposed amendments. Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend her Complaint with the understanding that Defendants are free to challenge the claims against them through a motion to dismiss. *See Durthaler*, 2011 WL 5008552, at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

## IV. DISPOSITION

For these reasons, Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 40). is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiff's Third

Amended Complaint, attached to her Motion at Exhibit 1 (ECF No. 40-1), and to **TERMINATE AS MOOT** Defendants' Motion for Judgment on the Pleadings (ECF No. 28).

Further, Plaintiff's Motion to Temporarily Seal Exhibit A to the Motion for Leave to Filed Third Amended Complaint (ECF No. 41) is **DENIED WITHOUT PREJUDICE**. As reflected in Plaintiff's Motion, she does not believe that Exhibit A—Plaintiff's proposed Third Amended Complaint—is confidential, but sought sealing out of an abundance of caution. (*Id.*) The proposed Third Amended Complaint has now been available on the public docket for over a month, and Defendants have not sought to seal it, temporarily or otherwise. If any party requests sealing of the Third Amended Complaint, they are **ORDERED** to file a properly supported motion under *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) **ON OR BEFORE DECEMBER 30, 2026**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE